THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ MANUEL PEREIRA LÓPEZ, Defendant and Appellant.

No. 9139.   Argued June 1, 1942.—Decided June 23, 1942.

*J. Valldejuli Rodríguez* and *Ernesto J. Fonfrías* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

In connection with an alleged crime of murder of which the appellant was acquitted, he was also charged with the carrying of a prohibited weapon and with having violated the Act relating to the registration of firearms.   These two cases were submitted on the evidence heard in the prosecution for murder, whereupon the appellant was convicted and sentenced in both cases to six months and two years in jail, respectively.

The appellant maintains that in imposing upon him the maximum penalty in both cases the court was moved by passion, prejudice, and bias and in proof thereof he quotes the following statements made by the judge below when rendering the judgments appealed from, thus:

"In the present case the district attorney charged you with the crime of murder and the jury acquitted you.   The court desires to

state that it did not believe at all the theory of the self-defense, or in other words, that the court believes that you murdered Marcelino Clemente while the latter was in the billiard room placing a cue in the cue rack. The court did not believe either your testimony or the testimony of your sweetheart in that respect. The court thinks that in exercising its discretion it ought to do so against you. It is not the same thing to fail to register a weapon that is not used for the commission of a crime and to fail to register the same when it is used for the commission of murder. The court actually thinks that you treacherously murdered Marcelino Clemente. The court thinks that it must exercise in both cases its discretion imposing upon you the maximum penalty.

''In the case of carrying a weapon the court sentences you to six months in jail and in that for a violation of Act No. 14 of 1936, the court imposes on you the maximum penalty, that is, two years.''

We agree with the judge below that the accused is guilty both of the offense of carrying a prohibited weapon and of that of failing to register it. In the former case it appears from the testimony of the appellant himself that he was carrying a revolver which he used to kill Marcelino Clemente. As to the latter, counsel for the defendant and the district attorney stipulated that the weapon was not registered in the name of the accused in the police station of San Juan and the evidence for the accused showed that at the time of the crime the accused was residing in San Juan; the elements constituting the offense having thus been proven. But, do the attendant circumstances justify the imposition upon the accused of the maximum penalty in both cases? We admit that when the two misdemeanor cases were submitted to the judge below upon the evidence heard in that for murder, his power as to the weighing of the evidence was not controlled by the conclusion reached by the jury in that for murder. The evidence regarding self-defense was conflicting. It can not be said that the verdict of the jury was arbitrarily or manifestly wrong. The evidence for the prosecution and that for the defense in regard to said particular was virtually

balanced. All depended on the credence that might be given to both testimonies. The jury gave credence to that for the defendant. The judge believed that for the prosecution. The judge below might have believed, as he actually did, that the accused, notwithstanding the verdict, was really guilty of murder and, considering that the defendant had used the weapon to kill another human being, the judge could take such circumstances into account in the exercise of a sound discretion in the imposition of the penalty. It must not be understood, however, that the trial judge in weighing the evidence may capriciously or arbitrarily discard evidence of facts physically possible which have not been at all controverted or rebutted and in connection with which there are no other elements to render such evidence unworthy of credit. In other words, it must be a sound discretion, but as soon as in the exercise thereof the element of caprice or arbitrariness is found, such discretion ceases to be sound and becomes mere arbitrariness, deprived of all legal sanction. Of course, the judicial discretion used in weighing the evidence is reflected in the imposition of the punishment. The greater the guilt the greater must be the punishment.

In the case at bar the judge below ignored or disregarded, without justification therefor, the evidence submitted by the defendant, which unquestionably tended to show attenuating circumstances which, in the exercise of a sound discretion, ought to have been taken into account when imposing the penalty for the offenses under consideration by us and which, as we have stated, are closely connected with the crime of murder of which the appellant was acquitted. Let us see what are those attenuating circumstances.

At the time of the events and when the trial was held the appellant was an adolescent. When referring to him counsel and witnesses used to call him "this boy." He had no penal record. He had shortly left Baldorioty School of this city, which is a primary school, to be engaged as a messen-

ger in the Insular Telegraph Office. His conduct in the office was good. He was a dutiful employee, as testified to by Generoso Flores, Insular Telegraph Superintendent. But this boy who so conducted himself had been ever since he attended Baldorioty School persecuted by the victim Marcelino Clemente, *alias* Gofio, who was a man over 30 years of age, with a very bad reputation, a boxer by trade, physically strong, but a sexual pervert. In order to attain his end of using the boy for the satisfaction of his brutal appetites he at first made use of cajoleries. Knowing that the boy was fond of boxing he would invite him, together with other boys regarding which he entertained similar intentions, to attend in his company boxing matches and in this way he was wining the boy's confidence until at last he confessed to him his purpose and was rejected by the boy who thereafter shunned the company of the victim and brought the facts to the knowledge of his parents. The victim, however, persisted and having become convinced that his cajoleries failed to have the desired effect had then recourse to intimidation and violence, assaulting the accused wherever he met him, publicly insulting him, calling him an effeminate and that he (Gofio) had to unmask him. On one occasion the victim approached the Insular Telegraph Office, uttering the same insults against the accused, in such a way that the Superintendent of the Insular Telegraph had to send him away with the threat of calling the police. On another occasion, the appellant, while in the company of his sweetheart, a 17-year old girl, in San José Square of this city, was met by the victim there who not only repeated the same insults but also assaulted the appellant and his sweetheart, as testified to by the latter and by witness Marcelino Díaz Barbosa who had to intervene with the victim and who, as testified by him, did not then know either the appellant or the victim. The testimony of Generoso Flores, Marcelino Díaz Barbosa, and the other witnesses for the defendant, who testified in the same sense,.

were not controverted. According to the theory of the appellant, it was because of the assault upon the latter by the victim with a billiard cue while passing with his sweetheart by the place where the victim was playing billiards that the appellant killed his aggressor in self-defense. In our judgment, bearing in mind the above circumstances, the lower court erred in failing to take them into account. It is true that they do not constitute a defense, but they do constitute a strong attenuating circumstance that ought to have been taken into consideration when meting out the punishment.

In view of the attendant circumstances, we are of the opinion that the judgments appealed from should be modified by reducing the penalty imposed for carrying a prohibited weapon to one month in jail and that for a violation of the Act regarding the registration of weapons to six months in jail and, as thus modified, the judgment is affirmed.